DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The initial dispute concerned the competency of Mary Lou Espen to revoke the power of attorney that she had granted to her brother, appellee, Frank David, and to grant the power of attorney to her daughter, appellant, Cynthia Kaiser. Frank filed a complaint on June 11, 2003, and sought a temporary restraining order ("TRO") enjoining Cynthia and the three attorneys who drafted the revocation and new power of attorney from interfering with the financial affairs of Espen who had been diagnosed with Alzheimer's dementia. A hearing was held and the trial court found Espen competent and denied the TRO on June 12, 2003. The trial court granted Frank's motion to dismiss the three attorneys on June 13, 2003.
 {¶ 3} On July 2, 2003, appellant filed a notice of appeal from the judgment entry denying the TRO. On July 15, 2003, appellant filed a motion to dismiss the appeal. On July 16, 2003, this court granted the motion to dismiss the appeal at appellant's costs. On July 17, 2003, appellant filed a notice of dismissal in the trial court. On July 28, 2003, Cynthia filed a motion for sanctions in this court pursuant to App.R. 23; this court denied the motion on September 2, 2003.
 {¶ 4} On July 28, 2003, Cynthia, and Mark Davis and Frederick Kalmbach, two of the three attorneys named in the complaint and TRO, filed a motion for sanctions against Frank and Fred E. Henning, Esq., the attorney who represented him in the trial court proceedings. Frank and Henning filed separate memoranda in opposition; Frank also filed a motion for a protective order preventing his deposition. On October 7, 2003, the trial court denied the motion for sanctions and granted the motion for a protective order. Appellants filed a timely appeal setting forth six assignments of error.
 {¶ 5} In the first two assignments of error, appellants allege that the trial court erred when it failed to sanction Frank and his trial counsel pursuant to Civ.R. 11 and R.C.2323.51 for filing the original complaint. In regard to Frank, Civ.R. 11 provides for sanctions against a represented party's attorney, not a represented party. Stevens v. Kiraly (1985),24 Ohio App.3d 211, 212; Gordon Food Serv., Inc. v. Hot Dog John'sInc. (1991), 76 Ohio App.3d 105, 115, Fn. 2. The Ohio Supreme Court has held that the decision to impose sanctions pursuant to Civ.R. 11 lies within the sound discretion of the trial judge and absent abuse, the decision will not be reversed. State ex rel.Fant v. Sykes (1987), 29 Ohio St.3d 65, 65. In the case sub judice, this court does not find that the trial court abused its discretion in denying the request for sanctions pursuant to Civ.R. 11.
 {¶ 6} In regard to R.C. 2323.51, appellants argued two types of sanctionable conduct — "harassing" conduct and "legally groundless" conduct. A different standard of review is applied to each. Riston v. Butler, 149 Ohio App.3d 390, 2002-Ohio-2308, ¶22. Applying the applicable abuse of discretion standard of review to appellants' "harassing" conduct argument, this court finds the complaint was not filed merely to harass and, therefore, the argument is without merit. Applying the applicable de novo standard of review to appellants'" legally groundless" argument, under the facts of this case, this court finds the complaint was not legally groundless. Accordingly, appellants' first and second assignments of error are found not well-taken.
 {¶ 7} In their third assignment of error, appellants allege that the trial court erred when it failed to sanction Frank pursuant to Civ.R. 37(D) for filing an appeal to avoid a deposition. However, appellants sought these sanctions after Frank had dismissed his complaint. Once Frank dismissed his complaint, the trial court lost jurisdiction to consider a post-dismissal motion for sanctions. Dyson v. Adrenaline DreamsAdventures (2001), 143 Ohio App.3d 69, 71. Accordingly, appellants' third assignment of error is found not well-taken.
 {¶ 8} In their fourth assignment of error, appellants allege that the trial court erred in entering a protective order preventing Frank's deposition. The trial court found that Frank's deposition to further support a motion for sanctions was unnecessary because the court found the motion for sanctions without merit. A trial court has extensive jurisdiction and power over discovery. State ex. Rel. Grandview Hosp. Medical Ctr. V.Gorman (1990), 51 Ohio St.3d 94, 95. Because the trial court's grant of a protective order was reasonable in light of the circumstances of this case, this court cannot say the trial court erred. Accordingly, appellants' fourth assignment of error is found not well-taken.
 {¶ 9} In their fifth assignment of error, appellants allege that the trial court erred in denying their motion to strike Frank's second memorandum in opposition to their motion for sanctions. A trial court's decision to grant or deny a motion to strike is within its sound discretion and will not be overturned on appeal unless the trial court abuses its discretion. Early v.Toledo Blade (1998), 130 Ohio App.3d 302, 318. This court does not find that the trial court abused its discretion. Accordingly, appellants' fifth assignment of error is found not well-taken.
 {¶ 10} In their sixth assignment of error, appellants allege that the trial court erred when it failed to hold a hearing on the motion for sanctions. An evidentiary hearing on sanctions is not always required. Huddy v. Toledo Oxygen Equip. Co. Medox,Ltd. (May 8, 1992), 6th Dist. No. L-91-328. See, also,Wilson v. Lynch Lynch Co., L.P.A. (1994), 99 Ohio App.3d 760,771. Accordingly, appellants' sixth assignment of error is found not well-taken.
 {¶ 11} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Lanzinger, J., concur.