OPINION
{¶ 1} Plaintiff-appellant, Amber Baker, appeals a decision of the Butler County Court of Common Pleas granting a motion for sanctions and a decision awarding attorney fees to defendant-appellee, AK Steel Corporation (AK Steel). We affirm the decisions of the trial court.
 {¶ 2} On July 12, 1998, former AK Steel employee William Cundiff passed away, allegedly from asbestos exposure. His widow, Ruth Cundiff, retained the law firm of Bevan Associates with the intention of filing a workers' compensation death benefits claim. On June 9, 2000, an application for benefits was filed with the Ohio Bureau of Workers' Compensation (BWC), purportedly by Mrs. Cundiff as a surviving spouse. However, Mrs. Cundiff had passed away over five months earlier on January 21, 2000.
 {¶ 3} Upon receiving notice of the application allegedly filed by Mrs. Cundiff, AK Steel requested a medical records release form from attorney Thomas Bevan (Attorney Bevan), who was representing Mrs. Cundiff. Attorney Bevan returned the release to AK Steel, signed by Mrs. Cundiff and dated July 14, 2000. On August 7, 2000, Dr. Mark Williams rejected AK Steel's request for medical records, citing the fact that Mrs. Cundiff had passed away in January 2000. AK Steel contacted Attorney Bevan regarding Mrs. Cundiff's death by mailing two letters dated August 23, 2000 and September 14, 2000, respectively. AK Steel received no response to these letters.
 {¶ 4} AK Steel acquired the services of handwriting expert Richard Shipp to review the workers' compensation documents allegedly containing Mrs. Cundiff's signature. Shipp determined that a number of the documents had not been signed by Mrs. Cundiff. Following a hearing before the Industrial Commission of Ohio (ICO), the death benefits claim allegedly filed by Mrs. Cundiff was denied. A subsequent appeal filed by appellant as the claimed executrix of Mrs. Cundiff's estate was also denied by the ICO.
 {¶ 5} On September 9, 2002, appellant appealed the administrative denial of death benefits to the common pleas court. Appellant then voluntarily dismissed the case without prejudice on April 11, 2003, acknowledging that she was not the executrix of Mrs. Cundiff's estate because no estate had ever been opened in probate court. On January 23, 2004, AK Steel moved for sanctions. The trial court granted the motion on December 16, 2004, and on June 8, 2005 awarded attorney fees in the amount of $5,791.25 to AK Steel. This appeal followed. We will address appellant's three assignments of error out of order to facilitate analysis.
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SANCTIONS, AND AWARDING ATTORNEY'S FEES PURSUANT TO CIVIL RULE 11."
 {¶ 8} In her second assignment of error, appellant maintains that the trial court improperly awarded attorney fees to AK Steel pursuant to Civ.R. 11 because there was no showing that Attorney Bevan acted in bad faith.
 {¶ 9} We review a trial court decision granting a motion for sanctions pursuant to Civ.R. 11 under an abuse of discretion standard. Riston v. Butler, 149 Ohio App.3d 390,2002-Ohio-2308, ¶ 9, citing State ex rel. Fant v. Sykes (1987),29 Ohio St.3d 65. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 10} Ohio Civ.R. 11 provides that an attorney's signature on every pleading, motion, or other legal document certifies that the attorney "has read the document[,] [and] to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it[.]" An attorney who willfully violates the rule may be ordered to pay the opposing party's attorney fees. See Civ.R. 11. See, also, Riston at ¶ 9. Employing a subjective bad faith standard, the attorney's actual intent or belief determines whether or not his conduct was willful.Riston at ¶ 9.
 {¶ 11} Attorney Bevan maintains that he was unaware of Mrs. Cundiff's death until AK Steel notified him by letter that she was deceased. Attorney Bevan acknowledges that, even if the firm was aware of Mrs. Cundiff's death, it still would have filed the claim on behalf of Mrs. Cundiff's representative. Attorney Bevan insists that the benefits claim involved the meritorious issue of whether Mrs. Cundiff's estate could collect death benefits for the interim period between Mr. and Mrs. Cundiff's deaths. Attorney Bevan also argues that the estate was entitled to collect reimbursement for Mr. Cundiff's funeral expenses.
 {¶ 12} The trial court reviewed Butler County Probate Court records and determined that no estate was ever filed on Mrs. Cundiff's behalf, nor was an executrix or administrator ever appointed. According to the trial court, upon filing for voluntary dismissal of the complaint, appellant admitted that she was not the executrix of Mrs. Cundiff's estate because no estate existed. Appellant therefore lacked standing to pursue any causes of action which may have survived Mrs. Cundiff's death. See R.C.2305.21. See, also, Shinaver v. Szymanski (1984),14 Ohio St.3d 51, 55 (declaring that, "[u]nder R.C. 2305.21, an administrator or executor may maintain an action in the same manner in which decedent could have maintained such action if she had survived"). In addition, as stated, Mrs. Cundiff died before any claim was filed with the BWC. No valid claim was therefore ever initiated by Mrs. Cundiff for her estate to pursue after her death. See, e.g., State ex rel. Nossal v. Terex Div. of I.B.H.,86 Ohio St.3d 175, 1999-Ohio-144. In view of these facts, the estate's pursuit of death benefits or funeral expenses could not serve as a good faith basis for filing the claim in this case.
 {¶ 13} Furthermore, Attorney Bevan violated Civ.R. 11 when he submitted a complaint based upon documents that were not signed and dated by Mrs. Cundiff. Attorney Bevan explained that once Mrs. Cundiff retained the services of Bevan Associates, the firm mailed a number of workers' compensation documents to Mrs. Cundiff for her signature. Clients are instructed not to date BWC documents when signing them. According to Attorney Bevan, this practice serves to avoid unnecessary delay or rejection in the event that the documents are submitted to medical providers months after they are signed by the client. The firm dates the documents once they are forwarded to the requesting party. In addition, Attorney Bevan admits that the FROI-1 form,[1] a BWC document used to initiate a workers' compensation claim in Ohio, was signed and dated by a member of the firm's staff. However, in an attempt to counter the appearance of bad faith, Attorney Bevan emphasizes that the form contained the initials "MP" by Mrs. Cundiff's name to acknowledge that it was not her signature.
 {¶ 14} Only an eligible claimant may initiate a claim before the BWC. Cf. State ex rel. Advantage Tank Lines v. Indus.Comm., 107 Ohio St.3d 16, 2005-Ohio-5829, ¶ 15. Mrs. Cundiff's application was not valid as it was not signed by her, the claimant for death benefits under R.C. 4123.59. As the trial court observed, Attorney Bevan stated in paragraph three of the complaint that Mrs. Cundiff filed and signed the workers' compensation claim. Yet, on appeal, Attorney Bevan admits that Mrs. Cundiff did not in fact sign the claim form. Accordingly, Attorney Bevan willfully violated Rule 11 by submitting a claim for workers' compensation on Mrs. Cundiff's behalf utilizing documents that were not signed by the claimant.
 {¶ 15} Because Attorney Bevan willfully filed Mrs. Cundiff's claim in bad faith, the trial court did not abuse its discretion when it awarded attorney's fees to AK Steel on the basis of Civ.R. 11. Appellant's second assignment of error is overruled.
 {¶ 16} Assignment of Error No. 1:
 {¶ 17} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SANCTIONS, AND AWARDING SANCTIONS UNDER OHIO REVISED CODE SECTION 2323.51, BECAUSE THE TRIAL COURT DID NOT HAVE JURISDICTION TO CONSIDER THE MOTION OR TO AWARD SANCTIONS."
 {¶ 18} Assignment of Error No. 3:
 {¶ 19} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SANCTIONS, AND AWARDING ATTORNEY'S FEES PURSUANT TO OHIO REVISED CODE SECTION 2323.51."
 {¶ 20} In her first assignment of error, appellant argues that the trial court lacked jurisdiction to entertain the motion for sanctions under R.C. 2323.51 because AK Steel failed to abide by the statutory deadline when it filed its motion over nine months after the voluntary dismissal of appellant's case. In her third assignment of error, appellant asserts that sanctions and attorney fees were improperly awarded pursuant to R.C. 2323.51
because Attorney Bevan did not engage in "frivolous conduct."
 {¶ 21} Under the former R.C. 2323.51,[2] an aggrieved party may request that the trial court impose sanctions at any time prior to the beginning of trial or within 21 days of a judgment entry. Soler v. Evans, 94 Ohio St.3d 432,2002-Ohio-1246, paragraph one of syllabus (construing the former R.C. 2323.51[B]). The Ohio Supreme Court determined that the word "judgment" as used in R.C. 2323.51 connotes a final order as defined in R.C. 2505.02 (i.e., "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment"). See id. at 436.
 {¶ 22} We observe that the voluntary dismissal of an action under the civil rules typically divests the trial court of jurisdiction over the matter. Barbato v. Mercy Med. Ctr., Stark App. No. 2005 CA 00044, 2005-Ohio-5219, ¶ 31. Nonetheless, a trial court may consider collateral issues not related to the merits of the action. Id. at ¶ 32; Indus. Risk Insurers v.Lorenz Equip. Co., 69 Ohio St.3d 576, 580, 1994-Ohio-442. Ohio courts have maintained that, because a motion for sanctions is collateral to the underlying action, a trial court "retains jurisdiction for the limited purpose of applying Civ.R. 11 and R.C. 2323.51." Baker v. USS/Kobe Steel Co. (Jan. 5, 2000), Lorain App. No. 98CA007151, 2000 WL 14044 at *2, quoting Lewisv. Celina Fin. Corp. (1995), 101 Ohio App.3d 464, 470.
 {¶ 23} Although consideration of a motion for sanctions following a voluntary dismissal is typically within the trial court's jurisdiction, the trial court in the case sub judice erred in ordering sanctions pursuant to R.C. 2323.51. Civ.R. 11 does not set forth a time limit within which to file a motion seeking sanctions. Therefore, "a Civ.R. 11 motion is not untimely solely because it is filed after final judgment is rendered in a case." Davila v. Courtney (1999), Columbiana App. No. 98 CO 44, 1999 WL 979239 at *2. By contrast, the language of R.C. 2323.51
specifies that sanctions pursuant thereto must be requested before trial or within 21 days after a final judgment. As the Ohio Supreme Court explained in Soler, 94 Ohio St.3d at 436:
 {¶ 24} "By enacting R.C. 2323.51, the General Assembly sought to provide a remedy for those harmed by frivolous conduct. Yet, by the same token, the General Assembly manifested its intent that there be a cut-off time for this sanction to be imposed. This purpose is served by giving the aggrieved party the option of filing the sanctions motion at any time prior to trial or within twenty-one days of the last judgment rendered in the case. This would assure that twenty-one days after the entry of final judgment, the proceedings would be over."
 {¶ 25} In order to give effect to the legislative intent behind this statute, the time frame within which a R.C. 2323.51
motion for sanctions is filed cannot be perpetual. Thus, it would follow that a trial court may consider a motion for sanctions under R.C. 2323.51 following a Civ.R. 41(A) voluntary dismissal only where the motion is filed within the statutory deadlines. Because Civ.R. 11 does not impose such a deadline, impressing the same restriction upon a Rule 11 motion for sanctions is unwarranted.
 {¶ 26} In the present matter, appellant's Civ.R. 41(A) dismissal constituted the final judgment. See, e.g., Soler,94 Ohio St.3d at 436 (finding that, since the trial court entries granting summary judgment did not state that the rulings were final, appealable orders, "the final judgment in the case did not come until Soler voluntarily dismissed her suit"). AK Steel failed to request sanctions within 21 days of the dismissal, instead filing its motion for sanctions nine months later. The trial court's resultant inability to award attorney fees on the basis of R.C. 2323.51, however, constitutes harmless error. Pursuant to Civ.R. 61:
 {¶ 27} "[N]o defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."
 {¶ 28} Although the trial court erred in awarding sanctions under R.C. 2323.51, we have determined that the court properly awarded sanctions under Civ.R. 11. See, e.g., Thomas v.Cincinnati, Hamilton App. No. C-050643, 2006-Ohio-3598, 2006 WL 1934402 at *2 ("[E]ven if fees were not appropriate under R.C.2323.51 because the motion was not timely filed, the trial court also based the award of fees on a common-law bad-faith theory. Therefore, a conclusion that the motion was not timely would not necessarily be fatal to the award of fees."). Therefore, appellant's rights were not prejudiced or substantially affected by the trial court's error.
 {¶ 29} Appellant's first and third assignments of error are overruled.
 {¶ 30} We vacate the portion of the trial court orders awarding sanctions on the basis of R.C. 2323.51 and modify the orders to award sanctions on the basis of Civ.R. 11 only.
 {¶ 31} Judgment affirmed.
Young and Bressler, JJ., concur.
[1] The "First Report of an Injury, Occupational Disease or Death" form.
[2] Since appellant's complaint was filed on September 9, 2002, this matter is governed by the version of R.C. 2323.51 that became effective on July 6, 2001. This version provides, in pertinent part: "[A]t any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action * * *, the court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action * * * who was adversely affected by frivolous conduct." R.C. 2323.51(B)(1).