JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Brahim Ayad and Michael Troy Watson, d.b.a. Politically Damned Talk Radio, appeal from the October 9, 2007 judgment of the Cuyahoga County Court of Common Pleas that granted defendants-appellees' motion for sanctions and imposed sanctions against Ayad and Watson, jointly and severally. For the reasons stated herein, we affirm.
 {¶ 2} Appellants commenced this action against Radio One, Inc. ("Radio One") and six other defendants on September 10, 2004.[1] The case was removed to the United States District Court for the Northern District of Ohio, Eastern Division, wherein the federal district court granted defendants' motion for judgment on the pleadings with respect to all federal claims, dismissed the remaining state claims for lack of subject matter jurisdiction, and remanded the matter back to state court.
 {¶ 3} The Cuyahoga County Court of Common Pleas granted judgment on the pleadings in favor of all defendants on all remaining claims, except as to the breach of contract claim, which the trial court found could proceed against Radio One only. Thereafter, Radio One moved for summary judgment and the trial court granted the motion. *Page 3 
 {¶ 4} Appellants filed an appeal challenging the trial court's granting of judgment on the pleadings, granting of summary judgment, and certain interlocutory rulings. This court affirmed the judgment of the trial court in Ayad v. Radio One, Inc., Cuyahoga App. No. 88031,2007-Ohio-2493, discretionary appeal not allowed, 116 Ohio St.3d 1477,2008-Ohio-153.
 {¶ 5} On August 22, 2007, appellants filed a motion for default judgment against defendants John Does. These defendants were identified in the complaint as "John Does unnamed and/or unidentified defendants (except as `Jewish' by WERE 1300 AM executives Glover, Bivens, and Bush) and as `terrorists' by plaintiffs known only to defendants Radio One, Inc." On August 29, 2007, the trial court denied the motion, referring to this court's decision in Ayad, supra. Appellants' appeal from this ruling was sua sponte dismissed by this court on October 12, 2007.
 {¶ 6} Appellees, Radio One, WERE, Bevins, Glover, Hamilton, and Hughes, filed a request for sanctions. Following a hearing, the trial court granted the motion on October 9, 2007. The trial court imposed sanctions against appellants, jointly and severally, and awarded appellees $1,397.50 plus interest beginning on October 8, 2007, and court costs. Appellants now appeal this ruling.
 {¶ 7} We note that appellees also attempted to appeal the trial court's August 29, 2007 order regarding their motion for default judgment. Per this court's prior order, the trial court's August 29, 2007 entry cannot be considered in this appeal. Appellants' first assignment of error pertaining to said order is stricken. *Page 4 
 {¶ 8} Appellants' second assignment of error provides as follows: "The trial court erred in granting sanctions against the plaintiffs including but not limited to that the trial court's decision is contrary to the laws and precedents as established by the Supreme Court of Ohio."
 {¶ 9} Trial courts retain jurisdiction to resolve collateral matters, such as a motion for sanctions, pursuant to Civ. R. 11 or R.C. 2323.51.Kinstle v. Union County Sheriff's Office, Union App. No. 14-07-16,2007-Ohio-6024. The decision to grant sanctions under R.C. 2323.51 and Civ. R. 11 rests with the sound discretion of the trial court. Taylor v.Franklin Blvd. Nursing Home, Inc. (1996), 112 Ohio App.3d 27. A reviewing court will not reverse a trial court's decision to deny or grant sanctions absent an abuse of discretion. Id.; Jurick v.Jackim, Cuyahoga App. No. 89997, 2008-Ohio-2346. Both R.C. 2323.51 and Civ. R. 11 allow for the imposition of sanctions against a pro se litigant. See Burrell v. Kassicieh (1998), 128 Ohio App.3d 226.
 {¶ 10} In this matter, appellees moved for sanctions on the grounds that appellants had engaged in frivolous conduct by filing a motion for default judgment. The motion for default was filed despite the fact that the trial court had granted summary judgment to Radio One on the breach of contract claim and, in rendering judgment on the pleadings, had dismissed all remaining claims against all defendants. Further, the trial court's judgment had been affirmed by this court.
 {¶ 11} Nevertheless, appellants argue that the trial court erred in imposing sanctions against them. Because appellants have failed to file a transcript of the sanctions hearing, we *Page 5 
must presume the regularity of those proceedings. See Soler v. Evans,St. Clair Kelsey, Franklin App. No. 04AP-314, 2006-Ohio-5402.
 {¶ 12} Upon our review, we find the record in this case supports a finding that appellants, in filing their motion for default judgment after a final judgment had been rendered, engaged in frivolous conduct. See Civ. R. 11 and R.C. 2323.51. The filing of a motion that obviously serves to simply harass or injure another party or that is not warranted under existing law and cannot be supported by a good faith argument will not be sanctioned by this court. We find no abuse of discretion occurred. Appellants' second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and MARY J. BOYLE, J., CONCUR
[1] The other defendants named were WERE Radio 1300 AM ("WERE"); Catherine L. Hughes, chairperson of the board and secretary of Radio One; Carl Hamilton, vice president in charge of operations of Radio One; David Bevins, corporate executive of Radio One and WERE; Bill Glover, sales manager of Radio One and WERE; and John Does unnamed and/or unidentified defendants. *Page 1