[Cite as *Edwards v. Lopez*, 2011-Ohio-5173.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95860**

# BRUCE EDWARDS, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# ANNARIEL M. LOPEZ

DEFENDANT-APPELLEE

## JUDGMENT:
REVERSED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-705964

**BEFORE:** Blackmon, J., Kilbane, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 6, 2011

**ATTORNEY FOR APPELLANTS**

Joanne Brown
2136 Noble Road
Cleveland, Ohio 44112

**ATTORNEY FOR APPELLEE**

Matthew E. Parkins
Singerman, Mills, Desberg & Kauntz Co., L.P.A.
3333 Richmond Road, Suite 370
Beachwood, Ohio 44122

PATRICIA ANN BLACKMON, J.:

{¶ 1}  Appellants Bruce and Cheryle Edwards (the "Edwards") appeal the trial court's awarding  sanctions to appellee Annariel M. Lopez ("Lopez") pursuant to R.C. 2323.51 and assign the following three errors for our review:

> **"I.   Finding appellant had engaged in frivolous conduct on the basis of a time barred motion."**
>
> **"II.   Holding and awarding attorney fees after a R.C. 2323.51 hearing without sufficiently notifying appellant of a hearing on appellee's motion for attorney fees pursuant to R.C. 2323.51."**
>
> **"III. Finding  pursuant  to  R.C. 2323.51 that appellant   engaged in frivolous conduct."**

**{¶ 2}**   Having reviewed the record and pertinent law, we reverse the trial court's award of sanctions and enter judgment in favor of the Edwards.   The apposite facts follow.

### Facts

**{¶ 3}**   On October 6, 2009, the Edwards filed suit against Lopez for breaching a contract to lease a residential property located in Beachwood, Ohio.   The parties engaged in discovery and on June 1, 2010, the trial court conducted a final pretrial.   Prior to the pretrial, the Edwards had requested that Bruce be excused from attending the pretrial. Bruce was hired by a private contractor performing work in Iraq and left for Iraq on April 23, 2010.   After conducting the final pretrial, the trial court dismissed the case without prejudice due to Bruce's absence from the hearing, stating as follows in its June 3, 2010 order:

> **"Final pretrial held; Plaintiff Bruce Edwards was not present in person as ordered and required by the court's standing order; nor was he excused from attendance. Counsel indicated Mr. Edwards is currently in Iraq as a civilian.   Counsel further indicated that she had no knowledge of plaintiff's travel plans for the trial date.   In accordance with the court's standing order, as he is not military and did not get permission to be absent, case is dismissed without prejudice.   Plaintiff to notify the court within 7 days of refiling the complaint."**

{¶ 4} Thus, the case was dismissed in its entirety in spite of Cheryle being available and present.

{¶ 5} On July 14, 2010, Lopez filed a motion pursuant to Civil Rule 11 and R.C. 2323.51 for attorney fees and costs incurred in defending the matter. The Edwards filed a response to the motion on July 28, 2010, opposing the motion; however, the trial court struck the response because it was filed out of rule and no leave was granted by the trial court.

{¶ 6} On September 2, 2010, the Edwards' counsel requested permission to withdraw as counsel for Bruce because Bruce would not be able to appear at the sanction hearing. Counsel rationalized that continued representation of Bruce, who could not appear, would make it difficult to protect Cheryle's interest when Cheryle would be present. The trial court denied counsel's request to withdraw as Bruce's counsel.

{¶ 7} On September 14, 2010, the trial court conducted a hearing on Lopez's motion for attorney fees. The trial court granted Lopez's motion and ordered Bruce and Cheryle Edwards and their attorney to pay $13,466.40 for the fees and costs incurred due to their alleged frivolous conduct.

## Untimely Motion

{¶ 8} In their first assigned error, the Edwards argue the trial court erred by imposing sanctions pursuant to R.C. 2323.51 because the motion for sanctions was filed beyond the 30-day time limit set forth in the statute.

{¶ 9} R.C. 2323.51.(B)(1) provides that "at any time *not more than thirty days* after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." (Emphasis added.) Lopez filed her motion for sanctions 40 days after the court dismissed the case.

{¶ 10} In *Soler v. Evans, St.Clair & Kelsey*, 94 Ohio St.3d 432, 2002-Ohio-1246, 763 N.E.2d 1169, the Ohio Supreme Court defined "final judgment" in R.C. 2323.51 to mean "final appealable order." There is no dispute that the trial court's dismissal of the case without prejudice does not constitute a final appealable order. Lopez argues, however, that under these circumstances where there is not a final appealable order, the statutory time limit of 30 days does not apply and it is within the trial court's discretion whether a motion for sanctions is timely filed. We disagree and conclude the trial court abuses its discretion when it allows for more time than provided for in the statute.

{¶ 11} As the Court in *Soler* explained:

**"By enacting R.C. 2323.51, the General Assembly sought to provide a remedy for those harmed by frivolous conduct. Yet, by the same token, the General Assembly manifested its intent that there be a cutoff time for this sanction to be imposed. This purpose is served by giving the aggrieved party the option of filing the sanctions motion at any time prior to trial or within twenty-one days[1] of the last judgment rendered in the case. This would assure that the twenty-one days after the entry of final judgment, the proceedings would be over."**

---

[1]When *Soler* was decided prior R.C. 2323.51 was in effect, which called for a 21- day limit instead of the 30-day limit required by the current statute.

{¶ 12} If we concluded that the statutory time limit did not apply when a court dismisses a case without prejudice, the intent of the statute to have a cut-off time for the sanctions would not be adhered to and would be meaningless. In essence, the party bringing the motion would have an unlimited time to file as long as the trial court found it to be reasonable. In *Baker, Exr. of Estate of Ruth Cundiff*, 12th Dist. No. CA2005-07-188, 2006-Ohio-3895, the defendant filed the motion for sanctions nine months after the plaintiff voluntarily dismissed her case without prejudice. The court concluded the motion was untimely, explaining as follows:

> **"In order to give effect to the legislative intent behind this statute, the time frame within which a R.C. 2323.51 motion for sanctions is filed cannot be perpetual. Thus, it would follow that a trial court may consider a motion for sanctions under R.C. 2323.51 following a Civ.R. 41(A) voluntary dismissal only where the motion is filed within the statutory deadlines."**

{¶ 13} Likewise, this court in *Gitlin v. Plain Dealer Pub. Co.*, Cuyahoga App. No. 85181, 2005-Ohio-3024, concluded that the motion for sanctions had to be filed within the statutory time frame even though the case had been dismissed without prejudice and was not a final appealable order. Here, Lopez's motion was not filed within the time limit set forth in the statute because it was filed 40 days after the court dismissed the case without prejudice. Thus, the court abused its discretion by ruling on the motion because it was not properly before the court.[2]

---

[2]Although the Edwards' attorney did not file her own notice of appeal, the motion for sanctions would not be valid against the attorney because the same motion was filed against both the Edwards and the attorney; therefore, it would

{¶ 14} Although Lopez argues the sanctions were also granted pursuant to Civ.R. 11, which does not have a time limit, the trial court's journal entry clearly states, "Motion for attorney's fees and costs is granted against the plaintiffs and plaintiff's counsel jointly and severally in the amount of $13,466.40 under Ohio Revised Code 2323.51 for frivolous conduct on the part of the plaintiffs and plaintiffs' attorneys." Thus, the court was granting the sanctions under R.C. 2323.51, not Civ.R. 11. Accordingly, the Edwards' first assigned error is sustained. The remaining assigned errors are moot and need not be addressed. App.R.12(A)(1)(c).

{¶ 15} Judgment reversed and entered in favor of the Edwards.

It is ordered that appellants recover from appellee their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR

---

also not be timely filed as to the attorney and law of the case would apply.