[Cite as *ABN AMRO Mtge. Group, Inc. v. Evans*, 2011-Ohio-5654.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96120

# ABN AMRO MORTGAGE GROUP, INC.

PLAINTIFF-APPELLEE

vs.

# IRENE EVANS, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-589598

BEFORE: Keough, J., Celebrezze, P.J., and Sweeney, J.

RELEASED AND JOURNALIZED: November 3, 2011

**ATTORNEYS FOR APPELLANTS**

Susan M. Gray
Susan M. Gray Attorneys & Counselors at Law
Ohio Savings Bank Building
22255 Center Ridge Road, Suite 210
Rocky River, OH 44116

Thomas C. Loepp
Maistros & Loepp, Ltd.
3580 Darrow Road
Stow, OH 44224

**ATTORNEYS FOR APPELLEE**

Karen M. Cadieux
David A. Wallace
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendants-appellants, Irene Evans and Mark Evans ("appellants"), appeal the trial court's decision denying their motion for sanctions for lack of jurisdiction. For the following reasons, we reverse and remand.

{¶ 2} In 2006, plaintiff-appellee, ABN AMRO Mortgage Group, Inc. ("appellee"), filed a foreclosure action against appellants. After extensive discovery,

appellee voluntarily dismissed its complaint pursuant to Civ.R. 41(A)(1)(a). Thereafter, appellants moved for sanctions pursuant to Civ.R. 11 and R.C. 2323.51. The trial court denied appellants' motion, finding that it lacked jurisdiction to consider the motion because it was filed after appellee had voluntarily dismissed its complaint.

{¶ 3} Appellants appeal raising the following assignments of error:

"1. Where the defendants moved for sanctions and recovery of attorneys' fees under Rule 11, the trial court erred and abused its discretion by denying such motion on the grounds that the plaintiff's filing of a Rule 41(A) notice of voluntary dismissal without prejudice divested it of jurisdiction to impose such sanctions.

"2. Where defendants moved for sanctions and recovery of attorneys' fees under R.C. 2323.51, the trial court erred and abused its discretion by denying such motion on the grounds that the plaintiff's filing of a Rule 41(A) notice of voluntary dismissal without prejudice divested it of jurisdiction to impose such sanctions."

{¶ 4} Because these two assignments of error are interrelated, they will be addressed together.

{¶ 5} We apply a de novo standard of review to questions of subject-matter jurisdiction. *Udelson v. Udelson*, Cuyahoga App. No. 92717, 2009-Ohio-6462. "Subject-matter jurisdiction is the power conferred on a court to decide a particular matter on its merits and render an enforceable judgment over the action." Id., citing *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 290 N.E.2d 841, paragraph one of the syllabus.

{¶ 6} While a Civ.R. 41(A)(1) voluntary dismissal generally divests a court of jurisdiction, a court may still consider collateral issues not related to the merits of the action. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶23, citing *Cooter & Gell v. Hartmarx Corp* (1990), 496 U.S. 384, 396, 110 S.Ct.

2447, 110 L.Ed.2d 359; *State ex rel. Corn v. Russo* (2001), 90 Ohio St.3d 551, 556-557, 740 N.E.2d 265; *Grossman v. Mathless & Mathless, C.P.A.* (1993), 85 Ohio App.3d 525, 620 N.E.2d 160. A consideration of sanctions pursuant to Civ.R. 11 and R.C. 2323.51 are collateral issues. *Schwartz v. Gen. Acc. Ins. of Am.* (1993), 91 Ohio App.3d 603, 606, 632 N.E.2d 1379; *Lewis v. Celina Fin. Corp.* (1995), 101 Ohio App.3d 464, 470, 655 N.E.2d 1333.

{¶ 7} In *Gitlin v. Plain Dealer Publishing Co.*, 161 Ohio App.3d 660, 2005-Ohio-3024, 831 N.E.2d 1029, this court addressed the same assignments of error as those raised in this appeal. Much like the facts in the instant appeal, the plaintiff in *Gitlin* filed a Civ.R. 41 notice of voluntary dismissal and the defendant subsequently moved for sanctions pursuant to Civ.R. 11 and R.C. 2323.51. In reversing the trial court, this court held that a Civ.R. 41 voluntary dismissal does not divest the trial court of jurisdiction to consider collateral matters, such as a motion for sanctions pursuant to Civ.R. 11 and R.C. 2323.51. Id. at ¶14. The *Gitlin* decision made no distinction between motions for sanctions pending prior to the voluntary dismissal and motions for sanctions filed after the dismissal. This distinction is the basis for the instant appeal.

{¶ 8} The issue before this court is whether the filing of a Civ.R. 41 notice of voluntary dismissal divests the trial court of jurisdiction to consider a postdismissal motion for sanctions pursuant to Civ.R. 11 and/or R.C. 2323.51. We find that it does not.

**{¶ 9}** The trial court's conclusion that it lacked jurisdiction to consider the postdismissal motion for sanctions was based on this court's decision in *Dyson v. Adrenaline Dreams Adventures* (2001), 143 Ohio App.3d 69, 757 N.E.2d 401, and the Sixth District's decision in *Hanson v. Riccardi*, 6th Dist. No. E-08-045, 2009-Ohio-2930. However, we find that *Dyson* is factually distinguishable from this case, and the *Hanson* court's reliance on *Dyson* is misplaced due to the factual distinction.

**{¶ 10}** In *Dyson*, the defendant filed a "postdismissal motion for costs, attorney fees, and expenses" pursuant to Civ.R. 37(D) and 41(D) after plaintiff filed its second Civ.R. 41 voluntary dismissal, which was thus a dismissal with prejudice. The trial court granted defendant's motion for costs, and plaintiff appealed, challenging the trial court's jurisdiction to consider the motion because the voluntary dismissal was filed prior to the defendant's motion for discovery sanctions. This court in *Dyson* specifically recognized that trial courts retain jurisdiction to consider collateral matters, including motions for sanctions pursuant to Civ.R. 11 and R.C. 2323.51. *Dyson* at 72. Nevertheless, the court added a distinguishing factor: that motions for sanctions filed after the Civ.R. 41(A) notice of voluntary dismissal may not be considered. Id. Based on the distinguishing factor, the *Dyson* court held that unless the motion for sanctions was filed and pending prior to the Civ.R. 41 dismissal notice, the trial court lacked jurisdiction to consider the motion. Id. "As a result, the courts acquired jurisdiction of the 'collateral' matters before and retained jurisdiction after the Civ.R. 41(A)(1) dismissal." Id.

{¶ 11} However, a closer reading of the *Dyson* opinion shows a factual distinction between it and the case before us. In *Dyson*, the motion filed with the trial court was a "postdismissal for costs, attorney fees, and expenses incurred as a result of appellant['s] * * * repeated failure to attend her deposition pursuant to Civ.R. 37(D) and Civ.R. 41(D)." The case before us is a postdismissal motion for sanctions pursuant to Civ.R. 11 and R.C. 2323.51.

{¶ 12} The *Dyson* court focused its attention on when the motion for costs was filed in correlation to when the plaintiff voluntarily dismissed its complaint. We agree that the issue in *Dyson* was the timeliness of the motion for costs because the relief that was being sought was pursuant to Civ.R. 37 and 41. *Dyson* held that motions for discovery sanctions filed prior to the Civ.R. 41 dismissal are considered collateral and may survive a voluntary dismissal. *Dyson* at 72. However, *Dyson* also implicitly held that motions for sanctions filed pursuant to Civ.R. 11 and its statutory counterpart, R.C. 2323.51, are considered collateral, even though those motions are filed postdismissal. Id. at 73; *Williams v. Thamann*, 173 Ohio App.3d 426, 2007-Ohio-4320, 878 N.E.2d 1070, ¶5.

{¶ 13} In the instant case, appellants' motion for sanctions was made pursuant to Civ.R. 11 and R.C. 2323.51(B)(1). Civ.R. 11 does not set forth a time frame for when a motion for sanctions needs to be filed. *Edwards v. Lopez*, 8th Dist. No. 95860, 2011-Ohio-5173, ¶14. See, also, *Cooter & Gell* at 393-398 (interpreting the

jurisdictional issue of Fed.R. 41 dismissal and Fed.R. 11 sanctions). Therefore a Civ.R. 11 motion for sanctions can be filed after a Civ.R. 41(A) voluntary dismissal.

{¶ 14} Moreover, R.C. 2323.51(B)(1) provides that "at anytime not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal." In *Edwards*, this court explained that the "thirty-day" time limit applies even when a case is dismissed without prejudice and is not a final appealable order. *Edwards* at ¶12-13, citing *Gitlin*. Therefore, the plain language of the statute and the holding in *Edwards* evidences that a motion for sanctions pursuant to R.C. 2323.51 does not need to be pending prior to the voluntary dismissal under Civ.R. 41.

{¶ 15} Accordingly, because of our interpretation of *Dyson*, we find the Sixth District's reliance on *Dyson* in its *Hanson* decision is misplaced. In *Hanson*, the plaintiff filed his Rule 41 voluntary dismissal, and the trial court noted that it would retain jurisdiction to consider defendant's motion for costs. However, the plaintiff filed a subsequent postdismissal motion for sanctions pursuant to Civ.R. 11 and R.C. 2323.51. Relying on *David v. Kaiser*, 6th Dist. No. L-03-1315, 2004-Ohio-3149, and *Dyson*, the Sixth District held that "once appellant dismissed his complaint, the trial court lost jurisdiction to consider [appellant's] postdismissal motion for sanctions." However, its reliance was misplaced, because both *David* and *Dyson* involved postdismissal motions for discovery costs under Civ.R. 37(D) and 41(D).

{¶ 16} Accordingly, we find that the trial court erred in relying on *Hanson* and *Dyson* in finding that it lacked jurisdiction to consider appellants' motion for sanctions pursuant to Civ.R. 11 and R.C. 2323.51.

{¶ 17} Our interpretation of *Dyson* is consistent with subsequent holdings in our court regarding the issue of postdismissal motions for Civ.R. 11 and R.C. 2323.51 sanctions.

{¶ 18} In *Wheeler v. Best Emp. Fed. Credit Union*, 8th Dist. No. 92159, 2009-Ohio-2139, this court addressed whether the trial court lacked jurisdiction to impose costs as a sanction against a plaintiff after the plaintiff had voluntarily dismissed his claims. In *Wheeler*, the plaintiff dismissed his complaint pursuant to Civ.R. 41 and nine days later, defendant moved for sanctions pursuant to R.C. 2323.51. This court, citing *Hummel*, held that "[s]anctioning a party for frivolous conduct is considered a collateral proceeding, and trial courts retain jurisdiction to make this determination under R.C. 2323.51 subsequent to a case being voluntarily dismissed." *Wheeler* at ¶12. See, also, *Ayad v. Radio One Inc.*, 8th Dist. No. 90638, 2008-Ohio-5487 ("trial courts retain jurisdiction to resolve collateral matters, such as a motion for sanctions, pursuant to Civ.R. 11 and R.C. 2323.51"), and *State ex rel. Stifel v. Stokes*, 8th Dist. No. 89466, 2007-Ohio-997 (a trial judge is not patently and unambiguously without jurisdiction to consider a motion for Civ.R. 11 sanctions after a voluntary dismissal; thus writ of prohibition is denied).

**{¶ 19}** We do not find our decision to be in conflict with this court's holding in *Dyson*; however, even if we were to conclude that *Dyson* is in conflict with our holding today, we find that the Ohio Supreme Court has effectively overruled *Dyson* in its subsequent decisions applying *Hummel*. Although *Hummel* is factually similar to *Dyson* and distinguishable from the case before us, the Ohio Supreme Court has applied *Hummel* to cases that are factually similar to the instant appeal — where a motion for Civ.R. 11 and/or R.C. 2323.51 sanctions is filed after the filing of a Civ.R. 41(A) notice of voluntary dismissal.

**{¶ 20}** In *State ex rel. Ahmed v. Costine*, 100 Ohio St.3d 36, 2003-Ohio-4776, 795 N.E.2d 672, the plaintiff voluntarily dismissed his complaint under Civ.R. 41(A)(1)(a), and then subsequently moved for sanctions and contempt. The Supreme Court, reversing the court of appeals and citing *Hummel*, held that "trial courts may consider collateral issues like criminal contempt and Civ.R. 11 sanctions despite dismissal." Id at ¶5. See, also, *State ex rel. Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414, ¶13.

**{¶ 21}** Accordingly, we hold that a Civ.R. 41 voluntary dismissal does not divest the trial court of jurisdiction to consider a subsequently filed motion for sanctions pursuant to Civ.R. 11 and/or R.C. 2323.51. To hold otherwise would effectively leave an alleged aggrieved party without a remedy to pursue a claim for frivolous conduct. See *State ex rel. J. Richard Gaier Co., L.P.A. v. Kessler* (1994), 97 Ohio App.3d 782, 785,

647 N.E.2d 564. The trial court erred in finding that it lacked jurisdiction to consider appellants' motion for sanctions.

{¶ 22} We sustain appellants' assignments of error, reverse the decision of the trial court, and remand the matter for consideration of the merits of appellants' motion for sanctions.

Judgment reversed.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
JAMES J. SWEENEY, J., CONCUR