[Cite as *In re Krueger*, 2014-Ohio-3718.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100694**

# RE SANCTIONS: JEFFREY W. KRUEGER

### APPELLANT

In the matter styled:

*NANCY LOWRIE & ASSOCIATES, L.L.C., Plaintiffs*

*vs.*

*DEBORAH ORNOWSKI, et al., Defendants*

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-795979

**BEFORE:** S. Gallagher, P.J., Blackmon, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** August 28, 2014

**FOR APPELLANT**

Jeffrey W. Krueger, pro se
J.W. Krueger, L.L.C.
P.O. Box 360135
Cleveland, OH   44136


**ATTORNEYS FOR APPELLEES**

**For Deborah Ornowski**

Barton A. Bixenstine
Vorys, Sater, Seymour & Pease, L.L.P.
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, OH   44114

**For Bridget A. Lind**

Richard J. Stahl
18051 Jefferson Park Road
Suite 102
Middleburg Heights, OH   44130

SEAN C. GALLAGHER, P.J.:

**{¶1}** Appellant Jeffrey W. Krueger appeals the decision of the Cuyahoga County Court of Common Pleas that granted two motions for sanctions that were filed against him by appellees Deborah Ornowski and Bridget A. Lind. Appellee/cross-appellant Deborah Ornowski has raised a cross-appeal challenging the trial court's determination of the sanction imposed. For the reasons stated herein, we affirm the trial court's rulings in this matter.

**{¶2}** We adopt the factual background as set forth in the trial court's opinion as follows:

> Plaintiff Nancy Lowrie & Associates, LLC filed a verified complaint and motion for a temporary restraining order on November 21, 2012. The motion was granted *ex parte* that same date. The language of the journalized entry was almost entirely provided by the plaintiff, with minor changes by the court. In particular, although the plaintiff suggested a $100 bond, a $15,000 bond was ordered instead. The plaintiff never posted a bond.

> The gist of the temporary restraining order against defendant Deborah Ornowski was to prohibit her from providing counseling services in competition with the plaintiff inside of 15 miles from the plaintiff's office.[fn.1] Additionally, Ornowski and defendants Bridget Lind and Gabriel Consulting Group, LLC (Ornowski's company) were enjoined from using or disclosing the plaintiff's confidential information. The temporary restraining order was to last 14 days, until December 5.

> [fn. 1] Given that she had opened an office within two miles of the plaintiff's, this effectively prohibited Ornowski from running her business.

> On December 4, a joint agreement to extend the temporary restraining order for another 14 days was filed. The stipulation was drafted by plaintiff's counsel Jeffrey W. Krueger and signed by all counsel without changes, then adopted by the court. Besides restating the language of the original temporary restraining order, the December 4 order also said that

"plaintiff shall continue to post the existing bond in the amount of $15,000."

After a hearing, the plaintiff's motion for a preliminary injunction was denied January 8, 2013, and the plaintiff voluntarily dismissed the lawsuit on April 12.

On April 25 Ornowski filed a motion to recover damages on the bond on the basis that the temporary restraining order was wrongly granted. Lind filed a similar motion on May 31. The plaintiff has opposed both motions and they are fully briefed.

With her motion to recover damages on the bond Lind also included a motion for sanctions pursuant to Rule 11 of the Ohio Rules of Civil Procedure. The grounds for that request are that the plaintiff and her counsel knew a bond was never posted as required by the temporary restraining order yet, as part of the 14-day extension, they represented that a $15,000 bond would "continue." Ornowski filed a similar motion on June 14 that also cites section 2323.51 of the Ohio Revised Code as a basis for sanctions. The plaintiff has opposed both motions and they too are fully briefed.

A hearing on the pending motions was held on September 4, 2013[.]

{¶3} The trial court issued a decision on October 29, 2013, that granted the motions for sanctions, but denied the motions to recover damages under Civ.R. 65(C). The court entered judgment awarding sanctions against Krueger and in favor of Ornowski in the amount of $3,442.22, and in favor of Lind in the amount of $1,800. The sanction was limited to the reasonable attorney fees incurred by Ornowski and Lind. Krueger filed an appeal, and Ornowski raised a cross-appeal.

{¶4} Krueger raises two assignments of error for our review. His first assignment of error claims the trial court erred in awarding Ornowski sanctions under R.C. 2323.51. He asserts that the trial court lacked subject matter jurisdiction to consider Ornowski's

motion under R.C. 2323.51(B)(1) because the motion was filed after the statutory deadline had passed, and that the trial court erred in awarding sanctions under the statute. Under his second assignment of error, Krueger claims the trial court erred in awarding sanctions against him and to the appellees under Civ.R. 11.

{¶5} We review de novo the interpretation of the timing provision of R.C. 2323.51(B)(1). *Adams v. Pitorak & Coenen Invests., Ltd.*, 11th Dist. Geauga No. 2013-G-3129, 2013-Ohio-4102, ¶ 11. R.C. 2323.51 governs frivolous conduct in civil actions and provides in pertinent part:

> [A]t any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal.

R.C. 2323.51(B)(1). The 30-day time period for filing a motion under the statute begins to run when a "final judgment" is issued. *Adams* at ¶ 12.

{¶6} In this action, the plaintiff voluntarily dismissed the action without prejudice on April 12, 2012.[1] Ornowski's motion for sanctions was not filed until June 14, 2012, more than 30 days later. The trial court found that because the action was later refiled, the motion could be considered timely. The trial court relied upon *Merino v. Salem*

---

[1] It has been recognized that trial courts retain jurisdiction to resolve collateral matters, such as a motion for sanctions pursuant to Civ.R. 11 or R.C. 2323.51, despite a voluntary dismissal. *ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. Cuyahoga No. 96120, 2011-Ohio-5654, ¶ 21.

*Hunting Club*, 7th Dist. Columbiana No. 11 CO 2, 2012-Ohio-4553, which found a motion for frivolous conduct under R.C. 2323.51 could relate back to an original action that had been refiled under the savings statute. However, the legislative intent of the statute suggests otherwise.

{¶7} The Ohio Supreme Court, in interpreting former R.C. 2323.51, recognized that the General Assembly manifested its intent that there be a cutoff time for the sanction for frivolous conduct to be imposed and that the statute provides a means for an immediate judicial determination and a speedy sanctioning of such abuse, but also affords the aggrieved party the option of waiting until the conclusion of the action to seek sanctions. *Soler v. Evans, St. Clair & Kelsey*, 94 Ohio St.3d 432, 435-436, 2002-Ohio-1246, 763 N.E.2d 1169. In order to give effect to the legislative intent behind the statute, Ohio courts have interpreted a Civ.R. 41(A) voluntary dismissal as the triggering event for the filing of sanctions. *Merino* at ¶ 24 (DeGenaro, J., dissenting).

{¶8} Indeed, "the time frame within which a R.C. 2323.51 motion for sanctions is filed cannot be perpetual." *Baker v. AK Steel Corp.*, 12th Dist. Butler No. CA2005-07-188, 2006-Ohio-3895, ¶ 25. As this court has stated, "[i]f we concluded that the statutory time limit did not apply when a court dismisses a case without prejudice, the intent of the statute to have a cut-off time for the sanctions would not be adhered to and would be meaningless." *Edwards v. Lopez*, 8th Dist. Cuyahoga No. 95860, 2011-Ohio-5173, ¶ 12.

**{¶9}** Because Ornowski's motion for sanctions was not filed within the time limit set forth in the statute, the trial court erred by considering the motion under R.C. 2323.51. While Ornowski argues that the doctrine of equitable estoppel should be applied because Krueger did not disclose that he had never filed a bond until after Ornowski filed a motion to recover damages under Civ.R. 65(C), the failure to post the bond would have been apparent from the record. In any event, we find the trial court's error in considering the motion under R.C. 2323.51 was harmless because, as discussed below, the trial court properly granted Ornowski's request for an award of sanctions under Civ.R. 11.

**{¶10}** Unlike R.C. 2323.51, Civ.R. 11 does not have a specific time limitation for seeking sanctions under the rule. A Civ.R. 11 motion must be filed within a "reasonable time" of the final judgment. *See Fast Property Solutions, Inc. v. Jurczenko*, 11th Dist. Lake Nos. 2012-L-015 and 2012-L-016, 2013-Ohio-60, ¶ 66-70.

**{¶11}** In this case, the trial court found Krueger's conduct was sanctionable under Civ.R. 11, which governs the signing of pleadings, motions, and other documents. Civ.R. 11 provides in pertinent part:

> The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as

though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.

**{¶12}** In ruling on a Civ.R. 11 motion for sanctions, a trial court "'must consider whether the attorney signing the document (1) has read the pleading, (2) harbors good grounds to support it to the best of his or her knowledge, information, and belief, and (3) did not file it for purposes of delay.'" *Evans*, 8th Dist. Cuyahoga No. 96120, 2011-Ohio-5654, at ¶ 17, quoting *Ceol v. Zion Industries, Inc*., 81 Ohio App.3d 286, 290, 610 N.E.2d 1076 (9th Dist.1992). If the court finds that any of these requirements have not been met, then the court must determine whether the violation was willful as opposed to merely negligent. *Id*. A subjective bad-faith standard is applied to determine whether an attorney is subject to sanctions for a willful violation of Civ.R. 11. *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 127 Ohio St.3d 202, 2010-Ohio-5073, 937 N.E.2d 1274, ¶ 8, citing *State ex rel. Dreamer v. Mason*, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510, ¶ 19. "Under Civ.R. 11, a court can impose sanctions only when the attorney or pro se litigant acts willfully and in bad faith by filing a pleading that he or she believes lacks good grounds or is filed merely for the purpose of delay." *Id*.

{¶13} A trial court's decision to impose sanctions under Civ.R. 11 is reviewed for an abuse of discretion. *Id*. at ¶ 9. As long as some competent, credible evidence exists to support the lower court's judgment, no abuse of discretion will be found to have occurred. *Id*.

{¶14} Here, the trial court found that Krueger, with knowledge that a bond was never posted, proposed a stipulated temporary order that contained several misrepresentations. Krueger included proposed language to "extend the Temporary Restraining Order currently in place" for "an additional fourteen (14) days." As noted by the trial court, "Krueger included in the proposed entry at least seven explicit or implicit references to extending the order." However, because a bond was never posted, the order was never in place and was not one that could be extended. He further proposed language that the order "shall remain in full force and effect for an additional 14 days" and included an assurance that the plaintiff "shall continue to post the existing bond in the amount of $15,000." As stated by the trial court, the language chosen by Krueger "convey[ed] that a bond had been posted and not, as the plaintiff argues, that the amount of the necessary bond wouldn't be changed." The trial court found that Krueger proposed this language despite knowing full well that the temporary restraining order was never operative.

{¶15} In the absence of a bond, the proposed order cannot simply be said to have been a bad judgment. There is competent, credible evidence in the record reflecting that Krueger prepared the proposed entry with knowledge that the plaintiff had never posted

the bond necessary to render the original temporary restraining order effective or "in full force and effect" and subject to being "extended" for an "additional" period of time. As the trial court determined, Krueger's conduct violated Civ.R. 11 because when he signed the proposed order, he "knew there was no good faith ground to support it."

{¶16} Krueger attempts to deflect his accountability by claiming a review of the docket would have revealed that the bond was never posted and that it was a joint entry that was signed by opposing counsel. He further claims that at worst his conduct was merely negligent as opposed to a "willful violation" under Civ.R. 11. We are not persuaded by his arguments. Our review reflects that there was competent, credible evidence to support the trial court's determination and that the trial court did not abuse its discretion in awarding sanctions against Krueger under Civ.R. 11.

{¶17} Next, we consider Ornowski's cross-appeal, which challenges the trial court's decision to limit the award of sanctions to attorney fees. Ornowski argues that the trial court should have included an award of damages they sustained while honoring the temporary restraining order. The trial court determined that since a bond was never posted, Ornowski and Lind were never restrained by an enforceable order of the court and that their attorneys are deemed to have knowledge of the case docket.

{¶18} Upon a determination of a willful violation of Crim.R. 11, a trial court has broad discretion in imposing an appropriate sanction. *Evans*, 8th Dist. Cuyahoga No. 96120, 2011-Ohio-5654, at ¶ 32; *Ceol*, 81 Ohio App.3d at 290, 610 N.E.2d 1076. We

are unable to find that the trial court abused its discretion under the circumstances of this case.

**{¶19}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
TIM McCORMACK, J., CONCUR