[Cite as *ALSOL, Inc. v. Barbolovici*, 2018-Ohio-5032.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106651**

**ALSOL, INC.**

PLAINTIFF-APPELLEE

vs.

**FABIAN BARBOLOVICI, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-876306

**BEFORE:** Stewart, J., E.A. Gallagher, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** December 13, 2018

**ATTORNEY FOR APPELLANTS**

Alan H. Kraus
Lazzaro and Kraus
20133 Farnsleigh Road, Second Floor
Shaker Heights, OH 44122


**ATTORNEY FOR APPELLEE**

David M. Lynch[1]
333 Babbitt Road
Euclid, OH 44123

**Also Listed:**

Alsol, Inc.
4623 Clark Avenue
Cleveland, OH 44102

---

[1] Effective November 22, 2018, David M. Lynch resigned from the practice of law with disciplinary action pending. This was after briefing and oral argument. *See In re Resignation of Lynch*, Slip Opinion No. 2018-Ohio-4671.

MELODY J. STEWART, J.:

{¶1}   Defendant-appellant Fabian Barbolovici requested that this appeal be placed on our accelerated calendar under App.R. 11.1 and Loc.App.R. 11.1. By doing so, he has agreed that we may render a decision in "brief and conclusionary form."

{¶2} In a pretrial conference on plaintiff-appellee Alsol, Inc.'s complaint to quiet title to real property, the court ordered Alsol to file a preliminary judicial report as required by Loc.R. 24(A) of the Court of Common Pleas of Cuyahoga County, General Division, under penalty of dismissal without prejudice.  Alsol failed to file the report, so the court dismissed the case without prejudice.  Barbolovici then filed a motion for sanctions under Civ.R. 11 and R.C. 2323.51.  The court denied the motion, finding that Alsol did not act frivolously or egregiously in bringing the quiet title action because Alsol and Barbolovici had a "business relationship" from which the dispute arose.[2]

---

[2]  As a matter collateral to the dismissal, the court had jurisdiction to consider a postdismissal motion for sanctions. *ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. Cuyahoga No. 96120, 2011-Ohio-5654, ¶ 21.

**{¶3}** We review the court's decision on a motion for sanctions under Civ.R. 11 and R.C. 2323.51 for an abuse of discretion. *Murman v. Univ. Hosps. Health Sys.*, 2017-Ohio-1282, 88 N.E.3d 540, ¶ 6 (8th Dist.). Barbolovici complains that the court inexplicably found that the parties had a "business relationship." While the parties did not have a "business relationship" in the truest sense, the complaint makes the allegation that Alsol had a 50-year lease with the prior owner of the property and that Alsol was attempting to void Barbolovici's purchase in order to sustain the lease. In addition, one of the court's journal entries mentioned a Cleveland Municipal Court eviction action between the parties. It is not beyond reason that the "business relationship" to which the court referred was Alsol's attempt to enforce its lease and avoid eviction, a course of action that the court could rationally conclude was not so frivolous as to warrant sanctions. Under the very broad standard of review employed in sanctions cases, we find no error.

**{¶4}** Judgment affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR