[Cite as *Adams v. Pitorak & Coenen Invests., Ltd.*, 2013-Ohio-4102.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| KENNETH J. ADAMS, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-G-3129** |
| PITORAK & COENEN INVESTMENTS, LTD., et al., | : | |
| | : | |
| Defendant-Appellant, | : | |
| (JAMES A. SENNETT, | : | |
| Appellee). | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 08 M 000868.

Judgment: Affirmed.

*Kenneth J. Adams*, pro se, 9441 Pekin Road, Novelty, OH 44072 (Plaintiff-Appellee).

*G. Michael Curtin*, Curtin & Kemtz, LLP, 159 South Main St., Suite 920, Akron, OH 44308 (For Defendant-Appellant).

*Richard C. Alkire* and *Dean C. Nieding*, Richard C. Alkire Co., LPA, 250 Spectrum Office Building, 6060 Rockside Woods Boulevard, Independence, OH 44131-7300 (For Appellee).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Pitorak & Coenen Investments, Ltd. ("Pitorak & Coenen"), appeals the judgment of the Geauga County Court of Common Pleas dismissing appellant's R.C. 2323.51 motion for sanctions against appellee, James A. Sennett, the

attorney for appellee, Kenneth J. Adams. The issue before this court is whether the trial court erred in finding appellant's R.C. 2325.51 motion untimely. Based on the following, we affirm.

{¶2} This case has a protracted procedural history which is detailed in our prior opinions. *See Adams v. Pitorak & Coenen Invests., Ltd.*, 11th Dist. Geauga Nos. 2009-G-2931 & 2009-G-2940, 2010-Ohio-3359. In *Adams v. Pitorak & Coenen Invests., Ltd.*, 11th Dist. Geauga No. 2011-G-3019, 2012-Ohio-3015, this court entered final judgment in favor of Pitorak & Coenen. We found that, "[b]ased on the law of each respective claim and the evidence presented, the trial court erred in failing to grant Pitorak and Coenen's request for a directed verdict." *Id.* at ¶77.

{¶3} Upon remand, Pitorak & Coenen filed a motion for sanctions, pursuant to R.C. 2323.51, on July 30, 2012. This motion sought sanctions against Attorney Sennett for filing an action where "(1) the action was not warranted under existing law or under an argument to establish new law; (2) the suit consisted of allegations and/or factual contentions that had no evidentiary support; and (3) factual contentions alleged in the Complaint were not warranted by the evidence." These allegations were based on the fact that Adams sought compensation for damage to real property that he allegedly did not own during the relevant time.

{¶4} Thereafter, Pitorak & Coenen filed three additional R.C. 2323.51 motions: one on October 3, 2012, and two on December 5, 2012. These three motions reiterated the aforementioned conduct.

{¶5} The trial court denied Pitorak & Coenen's post-appeal sanctions motions as untimely. The trial court stated:

2

In this case, defendants argue a final appealable order was not issued until the Court of Appeals reversed this Court or until the Ohio Supreme Court declined review. This is incorrect. Final judgment was entered in this case on March 8, 2011. Defendants' first R.C. 2323.51 motion was filed on July 30, 2012, substantially more than 30 days after the final judgment.

{¶6} Appellant filed a timely appeal and asserts the following assignment of error for our consideration:

{¶7} "The trial court erred when it denied Defendant-Appellant's Motion for Sanctions pursuant to R.C. § 2323.51 based upon its opinion that Defendant-Appellant's motion was not filed within 30 days of final judgment as set forth in R.C. § 2323.51."

{¶8} On appeal, appellant argues the trial court misapplied the definition of "final judgment" as used in R.C. 2323.51. Specifically, appellant claims the motion for frivolous conduct was within the 30-day filing limit of R.C. 2323.51 because the final judgment occurred when this court issued its decision on June 29, 2012. Although appellant filed four separate sanctions motions, the only one this court must consider is the first post-appeal sanctions motion, filed July 30, 2012; the other motions filed were clearly outside the 30-day limitation under any interpretation.

{¶9} R.C. 2323.51, which governs the filing of motions for frivolous conduct in civil actions states, in pertinent part: "[A]t any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." R.C. 2323.51(B)(1).

3

**{¶10}** R.C. 2323.51(B)(1) contains a specific 30-day timing provision. This limitation contrasts with Civ.R. 11, which does not have a specific time limitation. *See Fast Prop. Solutions, Inc. v. Jurczenko*, 11th Dist. Lake Nos. 2012-L-015 & 2012-L-016, 2013-Ohio-60, ¶66-70 (analyzing the timeliness of a Civ.R. 11 motion under a standard requiring that the motion be filed within a reasonable time).

**{¶11}** In the case sub judice, the trial court interpreted the timing provision of R.C. 2323.51(B)(1) in arriving at its conclusion; thus, our standard of review is de novo. *State v. Owen*, 11th Dist. Lake No. 2012-L-102, 2013-Ohio-2824, ¶17.

**{¶12}** For purposes of determining the timeliness of an R.C. 2323.51 motion, the clock beings to run when a "final judgment" is issued. R.C. 2323.51(B)(1). The term "final judgment" as used in R.C. 2323.51 is synonymous with the term "final order" as defined by R.C. 2505.02. *Soler v. Evans, St. Clair & Kelsey*, 94 Ohio St.3d 432, 435-436 (2002).

**{¶13}** In arguing this court's June 29, 2012 judgment is the final order from which the 30-day time period began to run, appellant points to R.C. 2505.02(B)(3), which defines "final order" as, inter alia, "[a]n order that vacates or sets aside a judgment or grants a new trial." Appellant contends it is illogical to expect the losing party at trial to move for sanctions against the prevailing party. Appellant argues the more sensible approach is to await a favorable appellate ruling before seeking sanctions, particularly where, as in this case, the claim for sanctions was that the complaint was unfounded. These arguments are without merit.

**{¶14}** R.C. 2323.51(B)(1) explicitly provides that "any party adversely affected by frivolous conduct" may move for sanctions. Allowing "any party" to file a motion for

4

sanctions serves the purpose of such a motion, i.e., to punish misbehavior. A party's misconduct is not excused merely because the party prevails. Losing the case in no way prohibits a party adversely affected by frivolous conduct from bringing that conduct to the attention of the court. In fact, it may be the frivolous conduct that affected the outcome. Additionally, appellant's argument is belied by its own conduct, as it filed a Civ.R. 11 motion seeking sanctions against Attorney Sennett after trial, but before the appeal was concluded. In the trial court's January 14, 2013 entry, it notes that appellant's "Civil Rule 11 based motions are continued."

{¶15} The Ohio Supreme Court, in interpreting former R.C. 2323.51, stated:

> The plain meaning of the statute provides a means for an immediate judicial determination and a speedy sanctioning of such abuse. However, the aggrieved party also has the option of waiting until the conclusion of the action to seek sanctions. Construing the word 'judgment' as used in the statute to mean a final appealable order serves the remedial purpose of the statute. By enacting R.C. 2323.51, the General Assembly sought to provide a remedy for those harmed by frivolous conduct. Yet, by the same token, the General Assembly manifested its intent that there be a cutoff time for this sanction to be imposed. This purpose is served by giving the aggrieved party the option of filing the sanctions motion at any time prior to trial or within twenty-one days of the last judgment rendered in the case. This would assure that twenty-one days after the entry of final judgment, the proceedings would be over. To adopt appellants' interpretation would penalize the very parties that the statute seeks to benefit. Accordingly, we hold that pursuant to R.C. 2323.51, an aggrieved party has the option of filing a sanctions motion at any time prior to the commencement of the trial or within twenty-one days of a final judgment.

*Soler v. Evans, St. Clair & Kelsey*, *supra*, at 436.

{¶16} To support the argument that a directed verdict issued on remand constitutes a final judgment for purposes of R.C. 2323.51, appellant cites the Seventh Appellate District's opinion in *Merino v. Salem Hunting Club*, 7th Dist. Columbiana No.

5

11 CO 2, 2012-Ohio-4553. Appellant's reliance upon *Merino*, however, cuts against its position. In *Merino*, the appellant filed a complaint that was voluntarily dismissed. *Id*. at ¶2. The appellant then refiled the complaint, and the trial court granted summary judgment in favor of the appellee on all claims. *Id*. On appeal, the Seventh District reversed and remanded the matter, concluding summary judgment was inappropriate. *Id*. at ¶3. Following trial, the judge issued a directed verdict in favor of the appellee, and judgment was entered. *Id*. at ¶4. The appellee then moved for expert and attorney fees under R.C. 2323.51; and, following a hearing, the trial court awarded attorney fees to the appellee, but denied expert fees on a finding that no evidence had been presented to show those fees were reasonable. *Id*. at ¶5-6. On appeal, the appellant claimed the appellee's R.C. 2323.51 motion was not timely because "[appellee] was required to submit a request for fees relating to the originally filed complaint within thirty days of the voluntary dismissal." *Id*. at ¶8-9. The Seventh District held the judgment for directed verdict was the relevant final, appealable order from which the 30-day time limitation of R.C. 2323.51 should run—"the date the final appealable order [was] filed resolving all claims in the case." *Id*. at ¶16. *Merino* comports with the principle that the "final judgment" is the order in the proceeding in which the conduct complained of occurred.

{¶17} In this case, the alleged frivolous conduct occurred at the trial level, and the claimed undue expense was incurred during the pre-trial and trial proceedings. Therefore, a motion for sanctions under R.C. 2323.51 would have been timely only if filed within 30 days of the trial court's March 8, 2011 judgment. Accordingly, the trial court did not err in denying appellant's motion for sanctions, filed July 30, 2012. Appellant's sole assignment of error is without merit.

{¶18} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.