[Cite as *In re C.W.*, 2018-Ohio-5265.]

STATE OF OHIO       )          IN THE COURT OF APPEALS

                       )ss:      NINTH JUDICIAL DISTRICT

COUNTY OF LORAIN     )

In Re: C.W. and B.W.                 C.A. Nos.     16CA011044

                                                17CA011162

                                                17CA011165

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     10JG30837

DECISION AND JOURNAL ENTRY

Dated: December 28, 2018

SCHAFER, Presiding Judge.

**{¶1}** Defendant-Appellant/Cross-Appellee, Lindsey E. Eberhardt, appeals three separate judgments, entered October 14, 2016, June 5, 2017, and June 7, 2017, in the Lorain County Court of Common Pleas, Juvenile Division. Plaintiffs-Appellees/Cross-Appellants, Melva Sherwood and Scott Sherwood (collectively, the "Sherwoods"), appeal the June 7, 2017 judgment entry. For the reasons that follow, we affirm in part, reverse in part, and remand.

I.

**{¶2}** Ms. Eberhardt is the mother of two minor children born to her and father, Andrew Weaver. C.W. was born October 3, 2007. B.W. was born June 3, 2009. Ms. Eberhardt and Mr. Weaver were unmarried at the birth of both children.

{¶3} Melva Sherwood, Mr. Weaver's mother, is the paternal grandmother of C.W. and B.W. Scott Sherwood is Melva's husband, Mr. Weaver's stepfather, and the paternal step-grandfather to the children.

{¶4} This matter involves a lengthy and complicated history beginning with the Sherwoods filing a complaint on September 14, 2010, seeking custody of C.W. and B.W. pursuant to R.C. 2151.23. The Sherwoods filed contemporaneously an ex parte motion for emergency temporary custody of the children. The trial court held a hearing on that ex parte motion and granted temporary custody of the children to the Sherwoods.

{¶5} Ms. Eberhardt reached an agreement with the Sherwoods and entered an agreed order on October 29, 2010. The agreed order restored Ms. Eberhardt as custodian and returned the children to her care. The order also set a temporary schedule for the Sherwoods to have visitation with the children.

{¶6} The Sherwoods filed a motion on May 10, 2011, seeking to establish grandparent visitation and companionship rights. They sought this visitation in the alternative to an award of custody. The Sherwoods asserted that they were entitled to visitation, pursuant to R.C. 3109.12, as the paternal grandparents of the minor children born to Ms. Eberhardt as an unmarried mother.

{¶7} Shortly thereafter, on June 7, 2011, Ms. Eberhardt and Mr. Weaver married. Ms. Eberhardt and Mr. Weaver filed a motion to dismiss all claims, arguing that, in light of their status as the married biological parents of C.W. and B.W., the trial court lacked subject matter jurisdiction. The Sherwoods responded in opposition, asserting that the trial court had jurisdiction over the pending complaint for custody. Further, the Sherwoods argued that marriage did not affect the trial court's authority to consider their alternative request for

visitation. The trial court denied the motion to dismiss, citing R.C. 3109.12(B) without elaborating, and set the matter over for a settlement conference and a trial.

{¶8} On October 11, 2011, the parties reported to the trial court that they reached a complete resolution of the case. The Sherwoods, Ms. Eberhardt, Mr. Weaver, along with counsel, signed and submitted an agreed journal entry setting forth the terms of their agreement and incorporating by reference the attached transcript of their oral agreement. The agreement stated that they reached "a resolution of all matters in regards to [the September 14, 2010 c]omplaint" and "all pending motions before the court are hereby resolved and otherwise disposed of as a result of the resolution set forth herein." The parties assented to a visitation schedule, detailed the terms and conditions of the visitation, and agreed that the court mediator would provide assistance in resolving disputes that might arise pertaining to the children's monthly visits. The judge signed the agreed journal entry memorializing the parties' settlement agreement, and it was filed in the record on November 1, 2011.

{¶9} With the settlement agreement in place and the litigation resolved, the visitation schedule remained. Nearly one year later, on October 3, 2012, Mr. Weaver passed away from a heroin overdose. The parties continued on with the visitation schedule for another two years after Mr. Weaver's death, until October 17, 2014—nearly three years after entering the agreement—when the Sherwoods filed a motion under the case number of the previously resolved action. The Sherwoods requested that the trial court modify their visitation schedule to increase visitation time with the children.

{¶10} Shortly thereafter, on December 5, 2014, Ms. Eberhardt filed her own motion to modify companionship time. Ms. Eberhardt sought to discontinue what she described as "court-

appointed visitation time" between the Sherwoods and her two children. Ms. Eberhardt asserted "the court-appointed time is not in the best interest of the children."

{¶11} The Sherwoods next filed a supplemental motion to modify companionship time. They sought to stand in the place of Mr. Weaver, the children's deceased father, and requested that the trial court grant them, at a minimum, a "standard order of parenting time." Then, on October 6, 2015, the Sherwoods filed a motion for legal custody pursuant to R.C. 2151.23(A)(2). The Sherwoods sought an order from the trial court granting them legal custody of their two minor grandchildren. As a result of the Sherwoods' motion for custody the trial court appointed for the benefit of the children a Guardian ad Litem ("GAL"), James Barilla, on November 5, 2015.

{¶12} Through the course of performing his duties, the GAL deemed it necessary to file a motion for temporary orders, requesting that the trial court place certain limitations and restrictions on the Sherwoods' visitation with the children, including a suspension of any overnight visitation. The trial court entered an order on June 29, 2016, suspending the Sherwoods from all overnight visitation with the children. The Sherwoods contested the trial court's order restricting their visitation with the children. On July 8, 2016 the Sherwoods filed a motion to remove the GAL for his "outrageous conduct" and alleged that the GAL had "lost all objectivity" and "grossly misstated the facts and twisted the truth" and "cannot be trusted." The trial court denied this motion.

{¶13} Filing a notice of voluntary dismissal on August 29, 2016, the Sherwoods dismissed their motion for custody and motion to modify grandparent visitation time. Thereafter, the trial court issued a journal entry indicating that Ms. Eberhardt's motion to modify

visitation remained pending and scheduled a hearing on the motion. The trial court also terminated the GAL in light of the Sherwoods' dismissal of their motion seeking custody.

{¶14} The court held a hearing over the course of several days to determine Ms. Eberhardt's motion to modify or terminate the Sherwoods' visitation with the children. Following the hearing, the court sua sponte scheduled and conducted an in camera interview with C.W. and B.W. On October 14, 2016, the trial court issued its judgment entry ruling on visitation issues. Ms. Eberhardt appealed that judgment entry. *See In Re: C.W. and B.W.*, 9th Dist. Lorain No. 16CA011044 (Nov. 10, 2016).

{¶15} Ms. Eberhardt filed a motion on November 25, 2016, requesting sanctions against the Sherwoods and an award of attorney fees for frivolous conduct pursuant to R.C. 2323.51. On that same day, the magistrate issued an order declining to hold an evidentiary hearing regarding the GAL fees, and setting an oral hearing for the allocation of GAL fees. Following the hearing, the magistrate issued a decision on March 29, 2017, ruling on the outstanding GAL issues and allocating the GAL fees between the Sherwoods and Ms. Eberhardt. The trial court adopted the magistrate's decision that same day.

{¶16} On April 11, 2017, the Sherwoods filed preliminary objections to the magistrate's decision. Ms. Eberhardt then filed her objection to the magistrate's decision ten days later, on April 21, 2017. The Sherwoods followed up with a supplement to their objections.

{¶17} On June 5, 2017, the trial court issued a judgment entry ruling on Ms. Eberhardt's motion for attorney fees and transcripts. The trial court overruled the motion and found that Ms. Eberhardt failed to timely file her motion for attorney fees. The trial court issued a judgment entry on June 7, 2017, affirming its prior judgment entry adopting the magistrate's decision,

overruling the Sherwoods' objection to the magistrate's decision, and declining to consider Ms. Eberhardt's objection, which it deemed untimely.

{¶18} The Sherwoods appealed the June 7, 2017 judgment entry regarding the magistrate's decision. *See In Re: C.W. and B.W.*, 9th Dist. Lorain No. 17CA011162 (Jun. 30, 2017). Ms. Eberhardt then filed an appeal of both the June 5, 2017 and June 7, 2017 judgment entries. *See In Re: C.W. and B.W.*, 9th Dist. Lorain No. 17CA011165 (Jul. 5, 2017). This Court consolidated the three appeals from cases 16CA011044, 17CA011162, and 17CA011162.

{¶19} This case was remanded on December 21, 2017, upon motion filed by the Sherwoods, to allow the trial court to rule on the Civ.R. 60(B) motion the Sherwoods filed with the trial court. On remand, the trial court issued a judgment entry ruling, inter alia, on the Sherwoods' Civ. R. 60(B) motion, vacating the March 29, 2017/June 7, 2017 judgment entry awarding GAL fees, and denying the GAL's motion for fees. On August 22, 2018, this Court granted the Sherwoods' motion to supplement the record on appeal with the June 8, 2018 judgment entry the trial court issued upon remand.

{¶20} On appeal, Ms. Eberhardt presents four assignments of error. The Sherwoods present five issues on cross-appeal for our review.

II.

## Ms. Eberhardt's Assignment of Error I

**The trial court was without subject matter jurisdiction to issue a grandparent visitation order and the trial court erred in not terminating the existing order.**

{¶21} Ms. Eberhardt argues that the Sherwoods never filed a complaint for visitation under any statute that would confer subject matter jurisdiction upon the juvenile court to issue an order awarding grandparent visitation rights. Therefore, Ms. Eberhardt contends, the trial court

was without "jurisdiction to issue the November 1, 2011 Grandparent Visitation Order and was without [j]urisdiction to issue the October 14, 2016 Grandparent Visitation Order."

**A. <u>Jurisdiction to order/grant grandparent visitation rights</u>**

{¶22} "A juvenile court may exercise jurisdiction only if expressly granted the authority to do so by statute." *Rowell v. Smith*, 133 Ohio St.3d 288, 2012-Ohio-4313, ¶ 13, citing Ohio Constitution, Article IV, Section 4(B); *In re Gibson*, 61 Ohio St.3d 168, 172 (1991). "Any person with standing may file a complaint for the determination of any other matter over which the juvenile court is given jurisdiction by the Revised Code." Juv.R. 10. The complaint is "the legal document that sets forth the allegations that form the basis for juvenile court jurisdiction." Juv.R. 2(F). "The term 'jurisdiction' encompasses both subject-matter jurisdiction, i.e., the court's power to adjudicate the merits of a case, and the exercise of that jurisdiction." *Rowell* at ¶ 13. "The juvenile court's determination regarding its subject matter jurisdiction implicates a question of law which this Court reviews de novo. *In re J.L.M.*, 9th Dist. Summit No. 28867, 2018-Ohio-2175, ¶ 9.

{¶23} "Ohio law provides various methods for grandparents to obtain a legal right of access to their grandchildren outside of the juvenile custody situation." *In re M.N.*, 9th Dist. Wayne No. 07CA0088, 2008-Ohio-3049, ¶ 20. R.C. 3109.11 permits grandparents to pursue visitation rights when a parent is deceased, providing in relevant part:

> If either the father or mother of an unmarried minor child is deceased, the court of common pleas of the county in which the minor child resides may grant the parents and other relatives of the deceased father or mother reasonable companionship or visitation rights with respect to the minor child during the child's minority if the parent or other relative files a complaint requesting reasonable companionship or visitation rights and if the court determines that the granting of the companionship or visitation rights is in the best interest of the minor child.

R.C. 3109.12 allows grandparents to seek visitation rights of a grandchild born to an unmarried mother. R.C. 3109.12(A) provides that:

> If a child is born to an unmarried woman, the parents of the woman and any relative of the woman may file a complaint requesting the court of common pleas of the county in which the child resides to grant them reasonable companionship or visitation rights with the child. If a child is born to an unmarried woman * * * the parents of the father and any relative of the father may file a complaint requesting that the court grant them reasonable companionship or visitation rights with the child.

The court may grant a grandparent's request under R.C. 3109.12(A) "if it determines that the granting of the * * * companionship or visitation rights is in the best interest of the child." R.C. 3109.12(B).

{¶24} Significantly, even where a grandparent properly asserts a statutory claim for companionship or visitation rights and invokes the jurisdiction of the juvenile court, an order of the court granting companionship or visitation rights must be based on the court's determination that visitation with the grandparent is in the best interest of the child. *See* R.C. 3109.11, R.C. 3109.12(B). Parents have a fundamental right "to make decisions concerning the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 66 (2000). "[T]here is a presumption that fit parents act in the best interests of their children." *Id*. at 68. Thus, the trial court must give some special weight to a parent's wishes and concerns regarding visitation, and ensure that grandparents meet their burden to demonstrate that visitation is in the best interest of the child. *See Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, ¶ 44-45.

{¶25} For ease of analysis, we review separately the contested orders of November 1, 2011, and October 14, 2016. Furthermore, we note that this matter involves a complicated and voluminous procedural history with several ancillary issues stemming from the custody and

visitation dispute between the Sherwoods and Ms. Eberhardt. We confine our review to the portions of the record relevant to this assignment of error.

**B.  The journal entry of November 1, 2011**

{¶26}  In 2010, the Sherwoods commenced the action with a complaint seeking custody of C.W. and B.W. Thereafter, they filed a motion seeking, in the alternative, companionship and visitation rights as grandparents of the children pursuant to R.C. 3109.12[1]. The record reveals that the trial court never made a finding or adjudication respecting either the complaint for custody or the motion for visitation. Instead, prior to the scheduled trial date, the parties reached a settlement agreement. On October 17, 2011, the trial court issued a journal entry stating that the parties "report reaching a complete resolution on October 11, 2011." The journal entry noted that the parties' agreement was read into the record, and instructed counsel to submit an agreed entry, otherwise the matter would proceed to trial.

{¶27}  The parties executed an agreement resolving and disposing of "all pending motions before the court" including "a resolution of all matters in regards to [the c]omplaint" filed September 14, 2010. The agreement provided that the Sherwoods would have visitation with C.W. and B.W. according to the stated schedule as agreed by the parties. The parties agreed that the court mediator would provide assistance in resolving disputes that might arise pertaining to the monthly visits and that if, after the children reached age ten, visitation would cease if the children expressed such a wish to the mediator. The agreement was entered upon the record as a journal entry on November 1, 2011, and signed by the judge.

---

[1] At this point in the litigation the Sherwoods sought visitation based on R.C. 3109.12 because Mr. Weaver was still living and not yet married to Ms. Eberhardt.

{¶28} Ms. Eberhardt argues that the trial court lacked "subject matter jurisdiction to issue the November 1, 2011 Grandparent Visitation Order." Ms. Eberhardt contends that because, the Sherwoods filed a complaint for custody, but then only filed a motion for visitation pursuant to R.C. 3109.12, rather than a complaint, the trial court lacked jurisdiction to order visitation. In support of her position, she cites to R.C. 3109.12(A) which states that "the parents of the [children's] father and any relative of the father may file a complaint requesting that the court grant them reasonable companionship or visitation rights with the child[ren]. Thus, it is Ms. Eberhardt's contention that the Sherwoods' complaint for custody and subsequent motion for visitation did not permit the trial court to exercise jurisdiction to award companionship or visitation rights pursuant to R.C. 3109.12.

{¶29} However, this Court's review of the record reveals that the trial court did not order grandparent visitation pursuant to R.C. 3109.12. The journal entry of November 1, 2011 memorialized the parties' settlement agreement and set forth the visitation schedule *agreed to by the parties*. That journal entry does not include any *finding* that companionship or visitation with the Sherwoods is in the best interest of the children, does not grant the Sherwoods a *right* to visitation or companionship time with the children, and does not purport to make anything beyond the parties' agreement an order of the court.

{¶30} The November 1, 2011 journal entry was an agreement between the parties to resolve the litigation. As such, it did not involve the trial court rendering a judgment or adjudicating the merits of any claims. The trial judge signed the agreed journal entry, but did not purport to exercise jurisdiction with respect to the Sherwoods' complaint for custody or motion for visitation rights. We conclude that Ms. Eberhardt's argument—that the court lacked

jurisdiction to order grandparent visitation on November 1, 2011—is without merit, because that journal entry simply memorialized the entire agreement of the parties.

## C.  The judgment entry of October 14, 2016

{¶31}  With the visitation schedule in place, and with the parties having agreed that the complaint and all motions were resolved, the matter was inactive for nearly three years, although neither a notice of dismissal nor an administrative dismissal of the complaint appears in the record following the parties' settlement.  The Sherwoods sought to reactivate the original case by filing a motion to "modify companionship time" and requesting that the trial court modify the November 1, 2011 schedule to allow the Sherwoods to spend more time with the children.  The Sherwoods later supplemented their motion to modify, requesting that the juvenile court allow them to stand in place of the children's deceased father and grant them, at a minimum, a standard order of "parenting" time.

{¶32}  Ms. Eberhardt responded by filing her own motion to modify companionship time.  She requested that the court "discontinue all court-appointed visitation time" between her children and the Sherwoods.  Ms. Eberhardt asserted that "the court-appointed time is not in the best interest of the children."

{¶33}  The Sherwoods next filed a motion for legal custody of C.W. and B.W. pursuant to R.C. 2151.23(A)(2).  They alleged that Ms. Eberhardt was an unsuitable parent.  A few weeks later the Sherwoods filed an ex parte motion for emergency temporary custody.  The trial court denied the motion for emergency temporary custody, but ordered that the children have no contact with a particular individual who is not otherwise related to these proceedings.  The trial court also appointed James Barilla as GAL at that point in response to the Sherwoods' motion seeking custody of the children.

{¶34} On June 29, 2016, the GAL filed an ex parte motion, pursuant to Juv.R. 13 for emergency temporary orders. Based on disclosures from the children and the GAL's investigation, the GAL indicated that both he and the children's therapist reported to the Lorain County Children Services Melva Sherwood's actions with regard to C.W. and B.W. The GAL requested that certain limitations and restrictions be placed on the Sherwoods' visitation with the children, including a suspension of any overnight visitation. The trial court entered an order granting the GAL's motion suspending the Sherwoods from all overnight visitation with the children, and restraining Melva Sherwood from certain behaviors and actions affecting the children and Ms. Eberhardt.

{¶35} The Sherwoods contested the trial court's order restricting their visitation with the children and sought, unsuccessfully, to remove the GAL for allegedly "outrageous conduct" and on the grounds that the GAL had "lost all objectivity" and "grossly misstated the facts and twisted the truth" and "cannot be trusted." Soon thereafter, the Sherwoods filed a notice purporting to dismiss their motions for custody and modification of grandparent visitation time. In light of the dismissal of the custody motion, the GAL filed a motion seeking clarification as to his status in the case and requested that the court hear Ms. Eberhardt's motion to modify visitation.

{¶36} The trial court issued a journal entry acknowledging that the Sherwood's motions were dismissed. The journal entry indicated that the court would hear all pending motions, which it recognized as the GAL's motion for fees and Ms. Eberhardt's motion to modify visitation. The trial court also removed the GAL from the matter since the Sherwoods were no longer challenging Ms. Eberhardt for custody of the children.

{¶37} At the contested hearing, which spanned five days, the court heard testimony from several witnesses and took evidence. Following the hearing, the trial court conducted an in camera interview with C.W. and B.W. The trial court issued a judgment entry on October 14, 2016. This judgment entry discussed the procedural history of the case and made numerous findings of fact based on the record of the case and the evidence and testimony presented at trial.

{¶38} Although the trial court's stated purpose for the hearing was to review Ms. Eberhardt's motion to modify or discontinue visitation, the trial court did not address its jurisdiction or authority to modify the parties' agreed journal entry of November 1, 2011. Instead, the court summarily concluded that because "the prior visitation decree originated with" the trial court, the court had proper jurisdiction to consider mother's motion. However, the trial court also discussed cases involving relative or grandparent visitation and companionship rights and cited to R.C. 3109.11 as the basis for a court's jurisdiction to award a relative visitation with minor children if the court determines such visitation to be in the best interest of the children.

{¶39} The trial court then sua sponte concluded that it possessed jurisdiction pursuant to R.C. 3109.11 to "grant relatives of the deceased father visitation rights with respect to the minor children." It is unclear why the trial court pursued this as a basis to determine the issue of the Sherwoods' right to visitation in the absence of any complaint or claim asserted by the Sherwoods. Nonetheless, the trial court proceeded upon its presumption of jurisdiction under R.C. 3109.11, which calls for the court to "consider all relevant factors, including, but not limited to, the factors set forth in [R.C. 3109.051](D)." The trial court then conducted interviews of C.W. and B.W. for the purpose of considering those factors. *See* R.C. 3109.051(C) (In considering the factors of R.C. 3109.051(D) for purposes of determining whether to grant visitation rights, establish a visitation schedule, or resolve any related issues, "the court, in its

discretion, may interview in chambers any or all involved children regarding their wishes and concerns.").

{¶40} Following its review of the R.C. 3109.051 factors, the trial court found Melva Sherwood's "conduct to be adverse to the best interest of the children." Nevertheless, the trial court went on to find that it is in the best interest of the children "to return the [Sherwoods]' visitation back to the 2011 [v]isitation order, but to include the restrictions from the June 29, 2016 [j]udgment [e]ntry" restricting the Sherwoods' visitation with the children. The October 14, 2016 judgment entry did not directly rule on Ms. Eberhardt's motion to modify or discontinue the agreed visitation schedule with the Sherwoods. Instead, the trial court discounted Ms. Eberhardt's motion and stated that "[a]lthough mother filed a motion to terminate the [Sherwoods'] visitation, she at no time testified that she wants their visitation to be terminated" and that Ms. Eberhardt did not truly oppose the visitation schedule itself—only Melva Sherwood's conduct during visitation.

{¶41} The October 14, 2016 judgment stated several orders, including that the Sherwoods would receive visitation with C.W. and B.W. on the second weekend of each month from Friday at 6:00 p.m. to Sunday at 6:00 p.m. The trial court ordered that the Sherwoods were restrained from certain behavior and activities regarding the children, that the Sherwoods must not undermine Ms. Eberhardt's authority as the children's mother, and that the Sherwoods must promptly communicate to Ms. Eberhardt any issues or concerns arising during visitation. Regarding Ms. Eberhardt, the trial court ordered that she shall provide the "children with a structured academic curriculum that includes social development with peers" and stated that if she is unable to meet the children's needs through home schooling, then she "shall enroll the

children in a traditional school." Additionally, the trial court ordered that "other sections of the 2011 Judgment Decree[2], which have not been modified as above remain in full force and effect."

{¶42} We conclude that the trial court misconstrued its role in reviewing Ms. Eberhardt's motion. Where, as is the case here, the father of a minor child is deceased, R.C. 3109.11 provides that the relatives of the deceased father may file a complaint requesting reasonable companionship or visitation rights, which the court may grant upon determining that such companionship or visitation rights are in the best interest of the child. The September 14, 2010 complaint seeking custody of the minor children is the *only* pleading ever filed in this matter. At no point in these proceedings have the Sherwoods ever filed a pleading or otherwise invoked the trial court's jurisdiction pursuant to R.C. 3109.11. Even if the Sherwoods' October 17, 2014 motion to modify and the supplemental motion that followed could be construed so as to state a proper claim under R.C. 3109.11, the Sherwoods voluntarily abandoned those claims prior to the hearing. The trial court clearly erred in assuming that it had jurisdiction pursuant to R.C. 3109.11. The trial court lacked authority to enter judgment pursuant to R.C. 3109.11 based on Ms. Eberhardt's motion seeking to discontinue the visitation schedule the parties agreed to and memorialized in the November 1, 2011 agreed journal entry.

{¶43} Although the court had not previously made any finding or adjudication regarding the Sherwoods' right to visitation or companionship with the children, the trial court usurped the statutory authority of R.C. 3109.11 to confer such rights on the Sherwoods, against Ms. Eberhardt's wishes, and transformed a voluntary agreed visitation schedule into a judgment granting the Sherwoods a right to visitation and establishing a visitation schedule. This Court

---

[2] The record does not contain a "2011 Judgment Decree" though, presumably, the trial court meant to refer to the November 1, 2011 agreed journal entry.

concludes that the trial court lacked subject matter jurisdiction to enter judgment granting visitation to the Sherwoods pursuant to R.C. 3109.11. Furthermore, the trial court has stated no jurisdictional basis for entering orders regarding the children's education and socialization, and certainly lacked the authority to infringe upon Ms. Eberhardt's fundamental right to make decisions concerning the care and control of the minor children in her custody. *Troxel*, 530 U.S. at 66. Because the court lacked subject matter jurisdiction, the October 14, 2016 judgment entry is void ab initio. *See Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 17 ("[A] court's lack of subject-matter jurisdiction renders that court's judgment void ab initio.")

**D. Conclusion**

**{¶44}** The trial court lacked jurisdiction pursuant to R.C. 3109.11 to determine visitation and companionship rights and to issue a visitation schedule. The judgment entry of October 14, 2016, is based upon an improper exercise of subject matter jurisdiction, and the orders contained therein exceed the authority of the trial court. Ms. Eberhardt's first assignment of error is sustained in part, and the void judgment entered October 14, 2016 is vacated.

**Ms. Eberhardt's Assignment of Error II**

**The trial court abused its discretion in not terminating grandparents['] visitation[.]**

**{¶45}** Ms. Eberhardt argues that the trial court erred by not terminating the Sherwoods' visitation with the children. However, in the previous assignment of error, we concluded that the October 14, 2016 judgment entry determining visitation issues pursuant to R.C. 3109.11 is void for lack of subject matter jurisdiction. In light of this Court's resolution of Ms. Eberhardt's first assignment of error vacating the judgment entry that is the basis for Ms. Eberhardt's present argument, her second assignment of error is moot. Ms. Eberhardt's second assignment of error is overruled.

**Ms. Eberhardt's Assignment of Error III**

**The [trial] court erred, abused its discretion and violated [Ms. Eberhardt]'s procedural due process rights in overruling her objection to [the] magistrate's decision as being untimely filed.**

{¶46} The trial court, in the October 14, 2016 judgment entry, set the issue of the allocation of GAL fees over for a separate hearing before the magistrate. On March 29, 2017, the magistrate issued a decision allocating the GAL fees between Ms. Eberhardt and the Sherwoods and ruling on another issue relating to a prior magistrate's decision. The trial court adopted the magistrate's decision that same day. The Sherwoods filed preliminary objections to the magistrate's decision on April 11, 2017. Ms. Eberhardt then filed her objection to the magistrate's decision ten days later on April 21, 2017. On May 30, 2017, the Sherwoods supplemented their objections to the magistrate's decision.

{¶47} The trial court issued its judgment entry ruling on the objections on June 7, 2017. The trial court overruled the Sherwoods' objections to the magistrate's decision, stating that it would adhere to its March 29, 2017 judgment entry. The trial court declined to consider Ms. Eberhardt's objection, stating that she failed to timely file her objection. Ms. Eberhardt argues that the trial court erred in this conclusion and contends that her objection was timely filed. In response, the Sherwoods concede that Ms. Eberhardt timely filed her objection pursuant to Juv.R. 40(D)(3)(b)(i)—which permits a party to file objections no later than ten days after another party files timely objections—and further concede that the trial court erred in concluding that her objection was not timely filed.

{¶48} Upon review of the record, it appears that the parties are correct in their shared conclusion that Ms. Eberhardt's objection was timely filed. However, on August 22, 2018, this Court granted the Sherwoods' motion to supplement the record with the trial court's judgment

entry of June 8, 2018, issued upon remand, ruling on the Sherwoods' Civ.R. 60(B) motion. In that order, the trial court vacated the judgment entry awarding GAL fees and denied the GAL's motion for fees. Because the trial court has vacated the judgment entry that served as the basis for Ms. Eberhardt's objection, her third assignment of error is rendered moot. Ms. Eberhardt's third assignment of error is overruled.

### Ms. Eberhardt's Assignment of Error IV

**The [trial] court erred, abused its discretion and violated [Ms. Eberhardt]'s procedural due process rights in overruling her motion for attorney fees as being untimely filed.**

{¶49} On November 15, 2016, Ms. Eberhardt filed a motion for and award of attorney fees and requesting that transcript expenses be taxed as court costs. Ms. Eberhardt sought attorney fees pursuant to R.C. 2323.51 as a sanction for the Sherwoods' allegedly frivolous conduct. The Sherwoods opposed the motion on the merits and also argued that it was untimely because Ms. Eberhardt filed it more than thirty days after the October 14, 2016 entry of judgment—one day late. The trial court found that the motion was untimely, and overruled it on that basis. Ms. Eberhardt contends that the trial court erred in finding that the motion was not timely filed and denying her request for attorney fees.

{¶50} "R.C. 2323.51 sets a 30-day time limit from the date of final judgment in which a party may move for sanctions[.]" *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, ¶ 10. "[A]t any time not more than thirty days after the entry of final judgment * * *, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." R.C. 2323.51(B)(1). A determination as to the timing provision of R.C. 2323.51(B)(1) is based on the trial court's interpretation of the statute; therefore, we apply the de

novo standard of review. *Adams v. Pitorak & Coenen Invests., Ltd.*, 11th Dist. Geauga No. 2013-G-3129, 2013-Ohio-4102, ¶ 11.

**{¶51}** Ms. Eberhardt acknowledges that R.C. 2323.51 establishes a thirty day period following a judgment entry to file a motion seeking attorney fees as a sanction for frivolous conduct. However, she contends that the relevant judgment entry is the June 7, 2017 judgment entry regarding the allocation of GAL fees. "'The term "final judgment" as used in R.C. 2323.51 is synonymous with the term "final order" as defined by R.C. 2505.02.'" *DiFranco* at ¶ 10, quoting *Adams* at ¶ 12. Ms. Eberhardt has not provided any support for her contention the ruling on GAL fees should serve as the final order commencing her time to file under R.C. 2323.51.

**{¶52}** The issues relevant to Ms. Eberhardt's motion appear to have been resolved in the October 14, 2016 judgment entry; the "final order" which is the subject of her initial appeal. Although we determined above that that the October 14, 2016 judgment entry is void ab initio because the trial court lacked jurisdiction to enter it, we cannot say that the trial erred in finding that Ms. Eberhardt's motion filed November 15, 2016 was untimely. Ms. Eberhardt's fourth assignment of error is overruled.

**The Sherwoods' Assignment of Error I**

**The trial court did not have subject matter jurisdiction to issue the June 7, 2017 judgment entry regarding [GAL] fees.**

**The Sherwoods' Assignment of Error II**

**The trial court deprived the Sherwoods of due process of law by refusing to conduct an evidentiary hearing on the necessity, reasonableness and amount of [GAL] fees before allocating responsibility for payment thereof.**

**The Sherwoods' Assignment of Error III**

**The trial court erred and abused its discretion by making findings that are not supported by the record.**

**The Sherwoods' Assignment of Error IV**

**The trial court erred in affirming the magistrate's decision to quash a properly-issued subpoena and cancelling a deposition of the [GAL] on the issue of [GAL] fees.**

**The Sherwoods' Assignment of Error V**

**The trial court erred in affirming the magistrate's action ruling on the Sherwoods' motion to set aside his own orders preventing an evidentiary hearing on [GAL] fees and to quash a subpoena directed to the [GAL].**

{¶53} For ease of analysis, we review the Sherwoods' assignments of error together. Initially we note that Ms. Eberhardt has not filed a brief in response to the Sherwoods' merit brief. However, as a threshold matter we must address the issue of mootness with respect to each of the Sherwoods' assignments of error.

{¶54} As we discussed above in Ms. Eberhardt's third assignment of error, the trial court, on remand, granted the Sherwoods' Civ.R. 60(B) motion. The trial court vacated its judgment entry allocating GAL fees, which was the basis for the Sherwoods' appeal, and also denied the GAL's motion for fees. Each of the Sherwoods' assignments of error are based entirely on the motion for GAL fees, the magistrate's and the trial court's rulings on issues arising from the GAL fee motion, and the trial court's judgment adopting the magistrate's decision and allocating the GAL fees.

{¶55} The trial court's June 8, 2018 judgment entry vacated the basis for the Sherwoods' appeal and rendered moot all five of the Sherwoods' assignments of error. Consequently, we need not reach the merits of any of the Sherwoods' five assignments of error. The Sherwoods' assignments of error are overruled.

III.

**{¶56}** Ms. Eberhardt's first assignment of error is sustained in part, the trial court's judgment entry of October 14, 2016 is vacated, and the matter is remanded to the trial court for proceedings consistent with this decision. Ms. Eberhardt's second, third, and fourth assignments of error are overruled. The Sherwoods' five assignments of error are all overruled.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
<u>CONCURS.</u>

CARR, J.
<u>CONCURS IN JUDGMENT ONLY.</u>

<u>APPEARANCES:</u>

LINDSEY E. EBERHARDT, pro se, Appellant/Cross-Appellee.

BRENT L. ENGLISH, Attorney at Law, for Appellees/Cross-Appellants.

JAMES V. BARILLA, Attorney at Law, for Appellee.